IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALICE CREACH AND LUTHER CREACH, H/W<br><br>vs.<br><br>FASHION BUG OF WALNUTPORT, INC. d/b/a FASHION BUG; ARMO, INC.; BLACKSHIRE CONSTRUCTION, INC.; RD MANAGEMENT CORP.; ECKERD'S OF PENNSYLVANIA, INC. d/b/a ECKERD STORE NUMBER 5849 | Civil Action No. 02CV03782 (RBS) |

**ANSWER OF DEFENDANT, ECKERD CORPORATION D/B/A ECKERD DRUGS, TO PLAINTIFFS' COMPLAINT WITH NEW MATTER AND CROSS-CLAIMS**

Defendant, Eckerd Corporation d/b/a Eckerd Drugs (incorrectly designated as Eckerd's of Pennsylvania, Inc. d/b/a Eckerd Store Number 5849), by and through its attorneys, Mintzer, Sarowitz, Zeris, Ledva & Meyers, hereby responds to the plaintiffs' Complaint as follows:

**CIVIL ACTION COMPLAINT**

1.   Denied.  After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations set forth in the corresponding paragraph.  Strict proof thereof is demanded at the time of trial.

2.   Denied.  After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations set forth in the corresponding paragraph.  Strict proof thereof is demanded at the time of trial.

3.   Denied.  After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations set forth in the corresponding paragraph.  Strict proof thereof is demanded at the time of trial.

4.	Denied. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations set forth in the corresponding paragraph. Strict proof thereof is demanded at the time of trial.

5.	Denied. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations set forth in the corresponding paragraph. Strict proof thereof is demanded at the time of trial.

6.	Admitted in part; denied in part. It is admitted that defendant, Eckerd Corporation, is a Corporation authorized to do business in the Commonwealth of Pennsylvania, with a registered address for service of process at CT Corporation, 123 South Broad Street, Philadelphia, Pennsylvania 19103. It is further admitted that defendant, Eckerd Corporation, leased a store and/or premises located at 200 South Best Avenue, Walnutport, Pennsylvania 18088, also known as Walnut Plaza. The remaining allegations are denied as conclusions of law.

7.	Denied. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations set forth in the corresponding paragraph. Strict proof thereof is demanded at the time of trial.

8.	Denied. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations set forth in the corresponding paragraph. Strict proof thereof is demanded at the time of trial.

9.	Denied. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations set forth in the corresponding paragraph. Strict proof thereof is demanded at the time of trial.

10.	Denied. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations set forth in the corresponding

paragraph. Strict proof thereof is demanded at the time of trial.

11. Admitted in part; denied in part. It is admitted that defendant, Eckerd Corporation, operated a business known as Eckerd Drug Store No. 5849 located at 200 South Best Avenue, Walnutport, Pennsylvania 18088, also known as Walnut Plaza, on or about March 31, 2000. It is further admitted that defendant Eckerd Corporation has other businesses through the Philadelphia, Pennsylvania region. The remaining averments are denied as conclusions of law to which no response is required. Strict proof thereof is demanded at the time of trial.

12. Denied. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations set forth in the corresponding paragraph. Strict proof thereof is demanded at the time of trial.

13. Denied. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations set forth in the corresponding paragraph. Strict proof thereof is demanded at the time of trial.

## COUNT ONE
### Plaintiff, Alice Creach v. Defendant, Fashion Bug of Walnutport, Inc.

14. Answering defendant adopts and incorporates by reference its answers contained in the previous paragraphs as fully as though same were set forth at length herein.

15. This averment refers to defendants other than answering defendant and, therefore, no answer is required. Strict proof thereof is demanded at the time of trial.

16. This averment refers to defendants other than answering defendant and, therefore, no answer is required. Strict proof thereof is demanded at the time of trial.

17. This averment refers to defendants other than answering defendant and, therefore, no answer is required. Strict proof thereof is demanded at the time of trial.

18. This averment refers to defendants other than answering defendant and, therefore, no answer is required. Strict proof thereof is demanded at the time of trial.

19. This averment refers to defendants other than answering defendant and, therefore, no answer is required. Strict proof thereof is demanded at the time of trial.

20. (a) - (ee) This averment refers to defendants other than answering defendant and, therefore, no answer is required. Strict proof thereof is demanded at the time of trial.

21. Denied. The averments contained in the corresponding paragraph are conclusions of law to which no response is required. Strict proof thereof is demanded at the time of trial.

22. Denied. The averments contained in the corresponding paragraph are conclusions of law to which no response is required. Strict proof thereof is demanded at the time of trial.

23. Denied. The averments contained in the corresponding paragraph are conclusions of law to which no response is required. Strict proof thereof is demanded at the time of trial.

24. Denied. The averments contained in the corresponding paragraph are conclusions of law to which no response is required. Strict proof thereof is demanded at the time of trial.

25. Denied. The averments contained in the corresponding paragraph are conclusions of law to which no response is required. Strict proof thereof is demanded at the time of trial.

26. Denied. The averments contained in the corresponding paragraph are conclusions of law to which no response is required. Strict proof thereof is demanded at the time of trial.

27. Denied. The averments contained in the corresponding paragraph are conclusions of law to which no response is required. Strict proof thereof is demanded at the time of trial.

28. Denied. The averments contained in the corresponding paragraph are conclusions of law to which no response is required. Strict proof thereof is demanded at the time of trial.

29. Denied. The averments contained in the corresponding paragraph are conclusions of law to which no response is required. Strict proof thereof is demanded at the time of trial.

30. Denied. The averments contained in the corresponding paragraph are conclusions of law to which no response is required. Strict proof thereof is demanded at the time of trial.

WHEREFORE, defendant, Eckerd Corporation d/b/a Eckerd Drugs, demands judgment in its favor.

### COUNT TWO
### Plaintiff, Alice Creach v. Defendant, Armo, Inc.

31. Answering defendant adopts and incorporates by reference its answers contained in the previous paragraphs as fully as though same were set forth at length herein.

32. This averment refers to defendants other than answering defendant and, therefore, no answer is required. Strict proof thereof is demanded at the time of trial.

33. This averment refers to defendants other than answering defendant and, therefore, no answer is required. Strict proof thereof is demanded at the time of trial.

34. This averment refers to defendants other than answering defendant and, therefore, no answer is required. Strict proof thereof is demanded at the time of trial.

35. This averment refers to defendants other than answering defendant and, therefore, no answer is required. Strict proof thereof is demanded at the time of trial.

36. This averment refers to defendants other than answering defendant and, therefore, no answer is required. Strict proof thereof is demanded at the time of trial.

37. (a) - (ee)   This averment refers to defendants other than answering defendant and, therefore, no answer is required. Strict proof thereof is demanded at the time of trial.

38. Denied. The averments contained in the corresponding paragraph are conclusions of law to which no response is required. Strict proof thereof is demanded at the time of trial.

39. Denied. The averments contained in the corresponding paragraph are conclusions of law to which no response is required. Strict proof thereof is demanded at the time of trial.

WHEREFORE, defendant, Eckerd Corporation d/b/a Eckerd Drugs, demands judgment in its favor.

## COUNT THREE
### Plaintiff, Alice Creach v. Defendant, Eckerd's of Pennsylvania, d/b/a Eckerd Store Number 5849

40. Answering defendant adopts and incorporates by reference its answers contained in the previous paragraphs as fully as though same were set forth at length herein.

41. Denied. The averments contained in the corresponding paragraph are conclusions of law to which no response is required. Strict proof thereof is demanded at the time of trial.

42. Denied. The averments contained in the corresponding paragraph are conclusions of law to which no response is required. Strict proof thereof is demanded at the time of trial.

43. Denied. The averments contained in the corresponding paragraph are conclusions of law to which no response is required. Strict proof thereof is demanded at the time of trial.

44. Denied. The averments contained in the corresponding paragraph are conclusions of law to which no response is required. Strict proof thereof is demanded at the time of trial.

45. Denied. The averments contained in the corresponding paragraph are conclusions of law to which no response is required. Strict proof thereof is demanded at the time of trial.

46. (a) - (aa)   Denied. The averments contained in the corresponding paragraph are conclusions of law to which no response is required. Strict proof thereof is demanded at the time of trial.

47. Denied. The averments contained in the corresponding paragraph are conclusions of law to which no response is required. Strict proof thereof is demanded at the time of trial.

48. Denied. The averments contained in the corresponding paragraph are conclusions of law to which no response is required. Strict proof thereof is demanded at the time of trial.

WHEREFORE, defendant, Eckerd Corporation d/b/a Eckerd Drugs, demands judgment in its favor.

## COUNT FOUR
### Plaintiff, Alice Creach v. Defendant, RD Management Corporation

49. Answering defendant adopts and incorporates by reference its answers contained in the previous paragraphs as fully as though same were set forth at length herein.

50. This averment refers to defendants other than answering defendant and, therefore, no answer is required. Strict proof thereof is demanded at the time of trial.

51. This averment refers to defendants other than answering defendant and, therefore, no answer is required. Strict proof thereof is demanded at the time of trial.

52. This averment refers to defendants other than answering defendant and, therefore, no answer is required. Strict proof thereof is demanded at the time of trial.

53. This averment refers to defendants other than answering defendant and, therefore, no answer is required. Strict proof thereof is demanded at the time of trial.

54. This averment refers to defendants other than answering defendant and, therefore, no answer is required. Strict proof thereof is demanded at the time of trial.

55. (a) - (aa)   This averment refers to defendants other than answering defendant and, therefore, no answer is required. Strict proof thereof is demanded at the time of trial.

56. Denied. The averments contained in the corresponding paragraph are conclusions of law to which no response is required. Strict proof thereof is demanded at the time of trial.

57. Denied. The averments contained in the corresponding paragraph are conclusions of law to which no response is required. Strict proof thereof is demanded at the time of trial.

WHEREFORE, defendant, Eckerd Corporation d/b/a Eckerd Drugs, demands judgment in its favor.

## COUNT FIVE
### Plaintiff, Alice Creach v. Defendant, Blackshire Construction Company

58. Answering defendant adopts and incorporates by reference its answers contained in the previous paragraphs as fully as though same were set forth at length herein.

59. Denied. The averments contained in the corresponding paragraph are conclusions of law to which no response is required. Strict proof thereof is demanded at the time of trial.

60. This averment refers to defendants other than answering defendant and, therefore, no answer is required. Strict proof thereof is demanded at the time of trial.

61. This averment refers to defendants other than answering defendant and, therefore, no answer is required. Strict proof thereof is demanded at the time of trial.

62. Denied. The averments contained in the corresponding paragraph are conclusions of law to which no response is required. Strict proof thereof is demanded at the time of trial.

63. Denied. The averments contained in the corresponding paragraph are conclusions of law to which no response is required. Strict proof thereof is demanded at the time of trial.

64. (a) - (bb)   This averment refers to defendants other than answering defendant and, therefore, no answer is required. Strict proof thereof is demanded at the time of trial.

65. Denied. The averments contained in the corresponding paragraph are conclusions

of law to which no response is required. Strict proof thereof is demanded at the time of trial.

66. Denied. The averments contained in the corresponding paragraph are conclusions of law to which no response is required. Strict proof thereof is demanded at the time of trial.

WHEREFORE, defendant, Eckerd Corporation d/b/a Eckerd Drugs, demands judgment in its favor.

## COUNT SIX
### Plaintiff, Luther Creach v. Defendant, Fashion Bug of Walnutport, Inc.

67. Answering defendant adopts and incorporates by reference its answers contained in the previous paragraphs as fully as though same were set forth at length herein.

68. This averment refers to defendants other than answering defendant and, therefore, no answer is required. Strict proof thereof is demanded at the time of trial.

WHEREFORE, defendant, Eckerd Corporation d/b/a Eckerd Drugs, demands judgment in its favor.

## COUNT SEVEN
### Plaintiff, Luther Creach v. Defendant, RD Management Corporation

69. Answering defendant adopts and incorporates by reference its answers contained in the previous paragraphs as fully as though same were set forth at length herein.

70. This averment refers to defendants other than answering defendant and, therefore, no answer is required. Strict proof thereof is demanded at the time of trial.

WHEREFORE, defendant, Eckerd Corporation d/b/a Eckerd Drugs, demands judgment in its favor.

## COUNT EIGHT
### Plaintiff, Luther Creach v. Defendant, Eckerd's of Pennsylvania, d/b/a Eckerd Store Number 5849

71. Answering defendant adopts and incorporates by reference its answers contained

in the previous paragraphs as fully as though same were set forth at length herein.

72. Denied. The averments contained in the corresponding paragraph are conclusions of law to which no response is required. Strict proof thereof is demanded at the time of trial.

WHEREFORE, defendant, Eckerd Corporation d/b/a Eckerd Drugs, demands judgment in its favor.

## COUNT NINE
### Plaintiff, Luther Creach v. Defendant, Armo, Inc.

73. Answering defendant adopts and incorporates by reference its answers contained in the previous paragraphs as fully as though same were set forth at length herein.

74. This averment refers to defendants other than answering defendant and, therefore, no answer is required. Strict proof thereof is demanded at the time of trial.

WHEREFORE, defendant, Eckerd Corporation d/b/a Eckerd Drugs, demands judgment in its favor.

## COUNT TEN
### Plaintiff, Luther Creach v. Defendant, Blackshire Construction Company

75. Answering defendant adopts and incorporates by reference its answers contained in the previous paragraphs as fully as though same were set forth at length herein.

76. Denied. The averments contained in the corresponding paragraph are conclusions of law to which no response is required. Strict proof thereof is demanded at the time of trial.

WHEREFORE, defendant, Eckerd Corporation d/b/a Eckerd Drugs, demands judgment in its favor.

## COUNT ELEVEN
### Plaintiffs, Alice Creach and Luther Creach, h/w v. Defendants, Fashion Bug of Walnut Port, Armo, Inc., Eckerd's of Pennsylvania, d/b/a Eckerd Store Number 5849, RDManagement Corporation, and Blackshire Construction, Inc.

77. Answering defendant adopts and incorporates by reference its answers contained in the previous paragraphs as fully as though same were set forth at length herein.

78. Denied. The averments contained in the corresponding paragraph are conclusions of law to which no response is required. Strict proof thereof is demanded at the time of trial.

## AFFIRMATIVE DEFENSES

1. The plaintiffs' Complaint fails to state a cause of action upon which relief may be granted.

2. The plaintiffs' claims may be barred by the applicable Statute of Limitations and/or Laches.

3. The plaintiffs' cause of action and any recovery thereunder is barred or substantially reduced pursuant to the terms of the Pennsylvania Comparative Negligence Act, 42 Pa. C.S.A. §7102, which is incorporated by reference herein.

4. The plaintiffs' claims are barred by the Assumption of the Risk Doctrine.

5. The plaintiffs' injuries and damages as claimed were not proximately caused in any manner whatsoever by the answering defendant.

6. The answering defendant denies that the injuries and damages alleged in the Complaint were caused or contributed to by conduct on the part of the answering defendant rather, the injuries and damages alleged in the complaint were proximately caused by the actions or omissions of third parties other than the answering defendant over whom the answering defendant had no duty or responsibility to control or direct.

7. Plaintiffs have failed to join an indispensable party.

8. Plaintiffs' claims are barred and/or limited by the Collateral Source Rule.

9. Plaintiffs' claims are barred by the Doctrine of Release.

10. PlaintifSf have failed to mitigate their damages.

WHEREFORE, defendant, Eckerd Corporation d/b/a Eckerd Drugs, demands judgment in its favor.

### CROSS-CLAIM FOR CONTRIBUTION

Without admitting any liability herein, answering defendant hereby claims contribution from any other defendants and/or third party defendants hereinafter joined to this litigation.

### CROSS-CLAIM FOR INDEMNIFICATION

Without admitting any liability herein, answering defendant hereby claims complete indemnification, including counsel fees and costs, from any defendants and/or third party defendants hereinafter joined to this litigation.

### NOTICE

TAKE NOTICE that the undersigned attorney, counsel for defendant, Eckerd Corporation d/b/a Eckerd Drugs, hereby demands pursuant to F.R.C.P. 26 that each party herein serve pleadings and Interrogatories and upon receiving answers thereto, serve copies of all such pleadings and answered Interrogatories received from any party, including any documents, papers and other materials referred therein, upon the undersigned attorney, and TAKE NOTICE that this is a continuing demand.

### JURY DEMAND

Answering defendant hereby demands a trial by jury, according to F.R.C.P. 38.

### TRIAL DESIGNATION

Lawrence S. Sarowitz, Esquire, has been designated as trial counsel in the above matter.

        MINTZER, SAROWITZ, ZERIS, LEDVA & MEYERS


BY:_____
LAWRENCE S. SAROWITZ, ESQUIRE
Attorney for Defendant(s): ECKERD CORPORATION
D/B/A ECKERD DRUGS
1528 Walnut Street, 22nd Floor
Philadelphia, PA 19102
(215) 735-7200 / File No. 3770.0024

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALICE CREACH AND LUTHER CREACH, H/W<br><br>vs.<br><br>FASHION BUG OF WALNUTPORT, INC. d/b/a FASHION BUG; ARMO, INC.; BLACKSHIRE CONSTRUCTION, INC.; RD MANAGEMENT CORP.; ECKERD'S OF PENNSYLVANIA, INC. d/b/a ECKERD STORE NUMBER 5849 | Civil Action No. 02CV03782 (RBS) |

## PROOF OF SERVICE

I hereby certify that on July 22, 2002, I duly served a true and correct copy of the foregoing ANSWER OF DEFENDANT, ECKERD CORPORATION D/B/A ECKERD DRUGS, TO PLAINTIFFS' COMPLAINT WITH NEW MATTER AND CROSS-CLAIMS on the following named counsel via first class mail, postage prepaid:

Shari L. Frankfurt, Esquire
KENNEDY, WALKER & LIPSKI
1818 Market Street, Suite 2510
Philadelphia, PA 19103

Richard F. Furia, Esquire
FURIA AND TURNER
1717 Rittenhouse Square
Philadelphia, PA 19103

Malissa R. Sill, Esquire
MARKS, O'NEILL, O'BRIEN & COURTNEY, PC
1880 JFK Boulevard
Suite 1200
Philadelphia, PA 19103

Daniel S. Altschuler, Esquire
POST & SCHELL
1800 John F. Kennedy Boulevard
Philadelphia, PA 19103-7480

MINTZER, SAROWITZ, ZERIS, LEDVA & MEYERS


BY:_____
LAWRENCE S. SAROWITZ, ESQUIRE
Attorney for Defendant(s): ECKERD CORPORATION
D/B/A ECKERD DRUGS (incorrectly designated as
Eckerd's of Pennsylvania, Inc. d/b/a Eckerd Store Number
5849)
1528 Walnut Street, 22nd Floor
Philadelphia, PA 19102
(215) 735-7200 / File No. 3770.0024