```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ALICE CREACH and                   )
LUTHER CREACH,                     )   Civil Action
                                   )   No. 02-CV-03782
          Plaintiffs               )
                                   )
     vs.                           )
                                   )
FASHION BUG OF WALNUTPORT, INC.,   )
doing business as                  )
FASHION BUG,                       )
ARMO, INC.,                        )
BLACKSHIRE CONSTRUCTION, INC.,     )
RD MANAGEMENT CORP.,               )
                                   )
          Defendants               )
                                   )
     vs.                           )
                                   )
DOLLAR TREE STORES,                )
                                   )
          Third Party Defendant    )

                     *   *   *
APPEARANCES:
        JAMES M. TURNER, JR., ESQUIRE
            On behalf of Plaintiffs

        MALISSA R. SILL, ESQUIRE
            On behalf of Defendants,
            Fashion Bug of Walnutport, Inc.,
            doing business as Fashion Bug, and
            Armo, Inc.

        SHARI LYNN FRANKFURT, ESQUIRE
            On behalf of Defendant,
            Blackshire Construction, Inc.

        DANIEL SETH ALTSCHULER, ESQUIRE
            On behalf of Defendant,
            RD Management Corp.

        DAVID E. BRESLAU, ESQUIRE
            on behalf of Third Party Defendant,
            Cross-Claimant and Cross-Defendant,
            Dollar Tree Stores

                     *   *   *
```

RULE 16 STATUS CONFERENCE ORDER

NOW, this 21st day of March, 2003, after status conference conducted in chambers with the undersigned on this date, pursuant to Rule 16 of the Federal Rules of Civil Procedure, and by agreement of counsel, it appearing that all parties have agreed to dismiss defendants RD Management Corporation and Eckerd's of Pennsylvania, Inc., doing business as Eckerd Store Number 5849, with prejudice,

IT IS ORDERED that defendants RD Management Corporation; Eckerd's of Pennsylvania, Inc.; and Eckerd Store Number 5849 are dismissed with prejudice as parties to the within lawsuit.

IT IS FURTHER ORDERED that on or before April 4, 2003, counsel for defendant Fashion Bug of Walnutport, Inc. shall provide counsel for plaintiffs with information and documentation concerning whether or not defendant Fashion Bug of Walnutport, Inc. is owned by defendant, Armo, Inc.  On or before April 14, 2003 counsel for defendant Armo, Inc. shall submit a stipulation executed by counsel for all parties and a proposed Order dismissing Armo, Inc. with prejudice as a party to the within lawsuit, or advise the undersigned that all parties do not agree.

IT IS FURTHER ORDERED that defendants Fashion Bug of Walnutport, Inc. and Blackshire Construction, Inc. shall be precluded from offering at arbitration or trial the testimony of

the physician who conducted an independent medical examination (IME) of plaintiff Alice Creach on March 17, 2003, unless on or before April 10, 2003 those defendants provide all counsel with the name, address, curriculum vitae and a signed, written report, of the physician, containing a summary of the examination, and the physician's observations, findings, conclusions, diagnosis, prognosis, treatment recommendations and opinions.

IT IS FURTHER ORDERED that defendant Fashion Bug of Walnutport, Inc. shall have until June 30, 2003 to take the oral deposition of a representative of Third Party Defendant and Cross Claimant Dollar Tree Stores.

IT IS FURTHER ORDERED that, in the event the within matter has not settled, counsel for all parties and all unrepresented parties shall appear before Magistrate Judge Arnold C. Rapoport in chambers at a date and time between July 1 and 10, 2003 to be set by the Magistrate Judge for a settlement conference.

IT IS FURTHER ORDERED that all dispositive motions, including motions for summary judgment, accompanied by a brief, shall be filed and served on or before July 15, 2003.

IT IS FURTHER ORDERED that all motions in limine shall be filed and served on or before October 3, 2003.

<u>IT IS FURTHER ORDERED</u> that all motions (except those relying solely on a Federal Rule of Civil Procedure) shall be accompanied by a brief, not to exceed twenty-five pages without prior leave of court.  There shall be no reply briefs unless requested, or authorized, by the undersigned.  Reply briefs shall not exceed seven pages and must be filed within three business days of the court's request or approval.

<u>IT IS FURTHER ORDERED</u> that any party filing a motion for summary judgment or partial summary judgment shall file and serve, in addition to a brief, a separate short concise statement, in numbered paragraphs, of the material facts about which the moving party contends there is no genuine dispute.  The moving party shall support each such material fact with specific citations to the record, and, where practicable, attach copies of the relevant portions of the record.  Failure to submit such a statement may constitute grounds for denial of the motion.

<u>IT IS FURTHER ORDERED</u> that any party opposing a motion for summary judgment or partial summary judgment shall file and serve, in addition to a brief, a separate short concise statement, responding in numbered paragraphs to the moving party's statement of the material facts about which the opposing party contends there is a genuine dispute, with specific citations to the record, and, where practicable, attach copies of the relevant portions of the record.  All factual assertions set

forth in the moving party's statement shall be deemed admitted unless specifically denied by the opposing party in the manner set forth in this paragraph.

IT IS FURTHER ORDERED that a jury trial of the within case shall commence before the undersigned on Wednesday, November 12, 2003, at 9:30 o'clock a.m. in Courtroom B, Edward N. Cahn United States Courthouse, 504 West Hamilton Street, Allentown, Pennsylvania, or as soon thereafter as the schedule of the court permits, following jury selection at the United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania[1].  This Order shall serve as a formal attachment for trial.

BY THE COURT:

James Knoll Gardner
United States District Judge

---

[1] The within matter is scheduled for arbitration on May 2, 2003. All dates and deadlines in the within Order for events and deadlines after May 2, 2003 are applicable only in the event any party files an appeal de novo from the award of the arbitrators.